**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4130**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREVON DARNELL HOPKINS,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00239-RJC-DCK-1)

───────────────

Submitted:  March 30, 2023                          Decided:  June 5, 2023

───────────────

Before HARRIS and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Dena J. King United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Trevon Darnell Hopkins of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Following his conviction, the district court sentenced Hopkins to 120 months' imprisonment. Hopkins raises two arguments on appeal. First, he contends that his waiver of counsel at his sentencing hearing was invalid because it was not knowing and intelligent. Second, Hopkins argues that the court incorrectly calculated his Sentencing Guidelines range. We affirm.

We review de novo the legal question of whether Hopkins' waiver of his right to counsel was knowing and intelligent. *See United States v. Ziegler*, 1 F.4th 219, 227 (4th Cir. 2021). But because Hopkins was represented by counsel at the time of his waiver, and counsel did not challenge the adequacy of the district court's *Faretta*[*] colloquy, we review the adequacy of the district court's consideration of Hopkins' mental competency for plain error. *See id.* at 227-28. "To establish plain error, [Hopkins] must show that the district court erred, that the error was plain, and that it affected his substantial rights." *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013). "With regard to the third element of that standard, [Hopkins] must show that the alleged error actually affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted).

"The Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel before he can be convicted and punished by a term of imprisonment." *Ziegler*, 1 F.4th at 226 (internal quotation marks omitted). "But it is equally clear that the Sixth Amendment also protects a defendant's affirmative right to self-representation." *Id.*

---

[*] *Faretta v. California*, 422 U.S. 806 (1975).

(internal quotation marks omitted).  "[T]he right to self-representation is inescapably in tension with the right to counsel," but "the right to counsel is preeminent and hence, the default position."  *United States v. Ductan*, 800 F.3d 642, 649 (4th Cir. 2015) (internal quotation marks omitted).  Accordingly, a court presumes that a defendant should proceed with counsel absent an "unmistakable expression" to the contrary by the defendant.  *Id.* at 650 (internal quotation marks omitted).  A defendant's waiver of the right to counsel must be (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely."  *Ziegler*, 1 F.4th at 226 (internal quotation marks omitted).  Also, to validly waive his or her right to counsel, a defendant must be mentally competent.  *Id.*  If a defendant is mentally competent to stand trial, a court may constitutionally permit the defendant to represent himself or herself.  *Id.* at 227.

Hopkins does not dispute that his request for self-representation was clear, unequivocal, and timely.  Rather, Hopkins argues that his waiver was not knowing and intelligent.  We disagree.  Having reviewed the record, we conclude that, when Hopkins waived his right to counsel, Hopkins knew the charges against him, the possible punishment, the manner in which an attorney could be of assistance, and the dangers and disadvantages of self-representation.  *See United States v. Roof*, 10 F.4th 314, 359 (4th Cir. 2021), *cert. denied*, 143 S. Ct. 303 (2022).  Therefore, the district court did not err in concluding that Hopkins' waiver was knowing and intelligent.

Hopkins also suggests that the district court did not adequately consider his competence, but again, we disagree.  The court had already held a competency hearing and found that Hopkins was competent to stand trial—a finding that Hopkins does not

challenge on appeal.  And Hopkins has identified nothing to suggest his status changed by the time of his sentencing hearing.

Next, Hopkins argues that the district court erred by finding that his prior conviction under N.C. Gen. Stat. §14-258.4(a) was a crime of violence under U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (2021).  We conclude that, even if the court erred, the error was harmless and does not require resentencing.  A Guidelines error is considered harmless when "(1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Barronette*, 46 F.4th 177, 210-11 (4th Cir. 2022) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 414 (2022).  Even without the two-level increase to Hopkins' offense level under USSG § 2K2.1(a)(3), Hopkins' Guidelines range would have still been 120 months' imprisonment—the statutory maximum.  So the court's error had no effect on the Guidelines sentence, and the court made clear it would have imposed the same 120-month sentence regardless of whether Hopkins' prior conviction qualified as a crime of violence.  Moreover, the 120-month sentence is reasonable based on the factors identified by the court at sentencing.

Accordingly, we affirm the judgment. We deny Hopkins' motions seeking the withdrawal of appellate counsel and the appointment of new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4